OPINION OF THE COURT
David B. Saxe, J.
The parties to this proceeding terminated their marriage, pursuant to a judgment of divorce granted by this court dated April 2, 1993. The parties’ stipulation of settlement of February 22, 1993, spread upon the record before the court, survived the divorce judgment.
Defendant former wife commenced an enforcement proceeding against plaintiff former husband in June 1993. On September 2, 1993, this court granted defendant’s motion upon default to the extent of granting defendant enforcement relief relative to arrears, removal of barriers to remarriage (Domestic Relations Law § 253), and counsel fees. Thereafter, plaintiff moved to vacate his default. The court, pursuant to its decision and order of November 22, 1993, conditionally vacated plaintiff’s default upon payment of $750 in costs to defendant.
The court, upon examination of certain postsubmission correspondence, finds that plaintiff has vacated his default through the payment of $1,200, which shall be credited as payment of the above-stated $750 costs, and maintenance of $450. The court will therefore rule on the motion and cross motion as indicated below.
That branch of the motion seeking entry of a money judgment in the sum of $37,800 is denied. The court, upon examination of the submitted papers, does not find sufficient proof to support defendant’s calculation of the arrears at issue. The submitted papers establish that plaintiff has paid defendant a $50,000 lump-sum award of equitable distribution and that a required $12,500 counsel fee payment has likewise been made.
Plaintiff has further submitted proof to indicate that he made consistent maintenance payments in 1993. As such, the court is unable to determine the extent of any of the arrears in maintenance which are due and owing to defendant in the context of this application. Accordingly, those branches of the motion wherein defendant seeks entry of a money judgment (Domestic Relations Law § 244), and posting of security and sequestration (Domestic Relations Law § 243), are denied. Defendant’s application to punish plaintiff for contempt by *71 reason of noncompliance is likewise denied by reason of the foregoing.
Defendant, if she be so advised, may renew her application for enforcement relief based upon a more precise calculation of any arrears which may be due and owing.
As to that branch of the motion wherein defendant seeks to compel plaintiff to furnish her with a Jewish religious divorce (a Get), the court finds that the provisions of Domestic Relations Law § 253 are applicable.
Domestic Relations Law § 253 requires that where a marriage has been solemnized by a clergyman, a party who commences a matrimonial action must verify that he or she has acted to remove all "barriers to remarriage.”
Plaintiff contends that the parties’ marriage was solemnized by a rabbi affiliated with the Reform branch of Judaism and that since the tenets of Reform Judaism do not require its adherents to obtain a Get, he need not be required to give defendant a Get.
I disagree. Domestic Relations Law § 253 (6) sets forth that the definition of a barrier to remarriage: "includes, without limitation, any religious or conscientious restraint or inhibition, of which the party required to make the verified statement is aware, that is imposed on a party to marriage, under the principles held by the clergyman or minister who has solemnized the marriage, by reason of the other party’s commission or withholding of any voluntary act.”
The court finds that while Reform Judaism may not require that a Get be issued to dissolve a religious marriage performed by one of its clergy, the withholding of this voluntary act (of giving a Get), by plaintiff, would by statutory definition constitute a "barrier to remarriage,” if defendant perceived herself to require a Get in order to remarry (Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C253:3, at 859).
The plaintiff is therefore directed to cooperate in all phases of obtaining a Get on behalf of defendant. Defendant shall bear all expenses relative to obtaining the Get.
The process of obtaining the Get shall be initiated within 20 days after service of a copy of this order (without notice of entry) and shall be completed no later than 90 days thereafter.
Plaintiff’s failure to cooperate in this matter may result in punishment for contempt.
*72 Counsel fees, as sought by defendant in connection with the instant consolidated application, are denied in the discretion of the court.
The cross motion by plaintiff seeking injunctive relief to stay, annul or modify the payment of maintenance as due under the February 1993 stipulation of the parties, which survived their April 1993 divorce judgment, is denied as being without basis in law or fact.
That branch of the cross motion wherein plaintiff seeks an accounting for and return of certain personal property alleged to have been improperly removed from the marital residence is denied with leave to renew in the context of a separate plenary action.
That branch of the cross motion seeking to terminate maintenance based on allegations of cohabitation (Domestic Relations Law § 248) is denied as being without basis in law or fact.
The remainder of the cross motion wherein plaintiff seeks an award of counsel fees in connection with this application is denied.
All relief sought in these consolidated applications which is not specifically granted herein is denied.